```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                         MACON DIVISION
```

| | |
|---|---|
| BEVERLY JONES, | |
|     Plaintiff, | |
| v. | Civil Action File<br>No. 5:14-CV-00321-MTT |
| REGIS CORPORATION d/b/a<br>SMARTSTYLE FAMILY HAIR SALON, | |
|     Defendant. | |

## **ANSWER**

COMES NOW Regis Corporation, appearing specially without waiving any rights or defenses after being named as a defendant in the above-styled civil action (hereinafter referred to as "defendant"), and answers plaintiff's complaint as follows:

### FIRST DEFENSE

Portions of plaintiff's complaint fail to state or set forth claims against this defendant upon which relief can be granted.

### SECOND DEFENSE

The defenses of lack of personal jurisdiction, lack of process and service of process, insufficiency of process, and insufficiency of service of process, are raised and preserved.

## THIRD DEFENSE

Defendant raises and preserves the defenses of laches, the applicable Statute of Repose, and Statute of Limitations.

## FOURTH DEFENSE

This defendant show that the plaintiff's alleged damages, if any, may have been directly and proximately caused by plaintiff's own contributory and comparative negligence and failure to exercise ordinary care.

## FIFTH DEFENSE

In further answer, this defendant shows that the matter in question and plaintiff's damages, if any, may have been caused by the acts and failure to act of persons or entities other than the defendant.

## SIXTH DEFENSE

If the defendant was negligent, which defendant emphatically denies, the negligence of the plaintiff may have equaled or exceeded that of the defendant.

## SEVENTH DEFENSE

Plaintiff's claim may be barred by reason of the Georgia Doctrine of Assumption of Risk.

EIGHTH DEFENSE

Plaintiff may have failed to take reasonable steps to mitigate the alleged damages.

NINTH DEFENSE

Plaintiff's claims may be barred by estoppel, release, waiver, or operation of law.

TENTH DEFENSE

Plaintiff's claims may be barred by license or contractual limitation.

ELEVENTH DEFENSE

Defendant reserves the right to amend these affirmative and other defenses and to raise any additional defense(s) which may be revealed though investigation and discovery.

TWELFTH DEFENSE

For a twelfth defense, the defendant answers plaintiff's complaint as follows:

1.

Defendant can neither admit nor deny the allegations contained in paragraph 1 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof,

and puts plaintiff upon strict proof of the same. Notwithstanding such a response, to the extent any allegation in the aforementioned paragraph is read to assert liability upon the defendant, such liability is expressly denied.

2.

In response to paragraph 2 of plaintiff's complaint, defendant admits it is a corporation with its principal office in Minnesota and has a registered agent for service in Georgia at the address listed in paragraph 2 of plaintiff's complaint. Defendant denies the remaining allegations of paragraph 2 of plaintiff's complaint as stated. Notwithstanding such a response, to the extent any allegation in the aforementioned paragraph is read to assert liability upon the defendant, such liability is expressly denied.

3.

Defendant denies the allegations of paragraphs 3, 4, 6, 7, and 8, including the subparts to paragraph 8, of plaintiff's complaint.

4.

In response to paragraph 5 of plaintiff's complaint, defendant admits the plaintiff presented to a salon in Milledgeville, GA on August 9, 2012.  Defendant denies the remaining allegations of paragraph 5 of plaintiff's complaint as

stated.  Notwithstanding such a response, to the extent any allegation in the aforementioned paragraph is read to assert liability upon the defendant, such liability is expressly denied.

5.

Defendant denies all other allegations of plaintiff's complaint.

6.

Defendant denies all other allegations in plaintiff's complaint, including the "Wherefore" paragraph, and any prayer for relief and request for damages, judgment, or other relief.

WHEREFORE, having fully answered, defendant prays that it be discharged without costs.

TRIAL BY JURY IS DEMANDED.

Respectfully submitted,

DREW, ECKL & FARNHAM, LLP

/s/ Brian W. Johnson

G. RANDALL MOODY
Georgia Bar No. 517702
BRIAN W. JOHNSON
Georgia Bar No. 394745

```
880 West Peachtree Street
Post Office Box 7600
Atlanta, Georgia  30357
(404) 885-1400 - phone
(404) 876-0992 - fax
rmoody@deflaw.com
bjohnson@deflaw.com
```

**CERTIFICATE OF SERVICE**

    This is to certify that I have this day served a copy of the within and foregoing ANSWER by e-filing with the Court's CM/ECF system, which will automatically send email notification of such filing to attorneys of record.

                Floyd M. Buford, Jr., Esq.
                Buford & Buford
                136 College Street
                Post Office Box 4747
                Macon, GA  31208
                        Attorney for plaintiff

    This 5th day of September, 2014.

                Respectfully submitted,

                DREW, ECKL & FARNHAM, LLP

                /s/ Brian W. Johnson

                _____
                G. RANDALL MOODY
                Georgia Bar No. 517702
                BRIAN W. JOHNSON
                Georgia Bar No. 394745

880 West Peachtree Street
Post Office Box 7600
Atlanta, Georgia  30357
(404) 885-1400 – phone
(404) 876-0992 – fax
rmoody@deflaw.com
bjohnson@deflaw.com

5378089/1
06332-084944